JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Juan Morales appeals a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of possession of drugs. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court erred when it denied appellant's motion for judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."
 {¶ 3} "II. Appellant's conviction for possession of heroin was against the manifest weight of the evidence."
 {¶ 4} "III. The warrantless search of appellant violated appellant's rights guaranteed by the Fourth andFourteenth Amendments to the United States Constitution and Article I, Section 14 and 16 of the Ohio Constitution in that the officers in question lacked reasonable suspicion to stop the vehicle in which appellant was traveling."
 {¶ 5} Having reviewed the record and pertinent law, we reverse the judgment of the court. The apposite facts follow.
 {¶ 6} Because we find the third assigned error is dispositive of this appeal, we review the facts relating to the warrantless search as presented at the suppression hearing.
 {¶ 7} Detectives Shoulders and Thomas were investigating an unrelated drug matter when they observed a red Honda Accord stopped in the street at West 30th. The prosecutor at the suppression hearing solicited the following testimony from its sole witness, Detective Shoulders:
 {¶ 8} All right. Because the vehicle had not committed any kind of traffic offense, for which you were going to stop him, is that right?
 {¶ 9} Other than blocking, impeding the flow of traffic on 32nd street, stopped in the middle of the street for the passenger to get in.
 {¶ 10} But you are not out there writing traffic tickets, right?
 {¶ 11} No, I was not.[1]
 {¶ 12} This testimony constituted the sole evidence as it related to the alleged traffic violation. From what we can glean from the record, the traffic violation constituted the basis for the warrantless stop and search of the Honda Accord and its passengers. No other evidence appeared in the record to justify or explain the warrantless stop and search.
 {¶ 13} We note in the State's brief, it argues assuming the initial traffic stop was improper, the investigatory stop is valid under Terry v. Ohio.[2] We are not persuaded that either the traffic stop or the investigatory Terry stop were valid.
 {¶ 14} The issue for us is whether the stop is pretextual and unconstitutional. In City of Dayton v. Erickson, the Supreme Court of Ohio in its syllabus stated: "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity. (United States v. Ferguson [C.A. 6, 1993],8 F.3d 385, applied and followed.)"[3]
 {¶ 15} Following the mandate of Erickson, our first concern is to determine the validity of the traffic stop. We conclude the State failed to put forth sufficient evidence of a traffic violation. In fact, Detective Shoulders' testimony was the vehicle was stopped for a passenger to get into the vehicle. Shoulders offered in his testimony that the car was impeding the flow of traffic. Yet, he testified his vehicle was able to drive along side of the car and the car was able to move freely to the curb when the officer ordered the driver to do so. Detective Shoulders failed to describe the flow of traffic, volume, or any factors to establish a valid traffic offense of impeding the flow of traffic.
 {¶ 16} We understand that the subjective motives of the officer are irrelevant in a pretext analysis. However, we readDayton v. Erickson as requiring at best a valid traffic offense to justify the officer's stop and search of the vehicle and its passengers. Absent probable cause that a traffic offense occurred, the stop and search are pretextual.
 {¶ 17} The State, however, argues when the officers pulled beside the Honda and observed the driver was underage, the officer had authority pursuant to Terry v. Ohio to ask for a driver's license, and when the driver failed to produce one, this was the traffic offense which justified the stop. The State reaches beyond the record. Detective Shoulders testified the vehicle was stopped because of the traffic offense of impeding the flow of traffic. The State, therefore, cannot argue on appeal a different reason for the stop.
 {¶ 18} Accordingly, we conclude Morales' third assigned error has merit. We find it unnecessary to reach the remaining assigned errors as they are moot.[4] This cause is remanded for further proceedings consistent with this opinion.
 {¶ 19} Judgment reversed and remanded.
Kenneth A. Rocco, P.J., and Anthony O. Calabrese, Jr., J., concur.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Tr. at 44.
[2] (1968), 392 U.S. 1.
[3] (1996), 76 Ohio St.3d, syllabus.
[4] App.R. 12(A)(1)(c).